IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamarcus Alexander Stewart, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Richard Jenkins, Anita James, John R. ) <br> Pate, Walter Worrick, McKendley ) <br> Newton, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:17-2637-BHH <br><br> **ORDER AND OPINION** |

Plaintiff Lamarcus Alexander Stewart, Jr. ("Plaintiff"), proceeding *pro se* brought this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on May 23, 2019. (ECF No. 47.) In her Report, the Magistrate Judge recommends that the action be dismissed *with prejudice* for lack of prosecution and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Objections to the Report were due by June 10, 2019.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). *Id.* at 630.

Plaintiff has filed no objections.  In the absence of objections to the Magistrate Judge's Report, this Court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Where no objections have been filed, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).  Plaintiff has failed to prosecute this case and failed to comply with this Court's orders.  As such, the Court finds that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court adopts the Report.  It is therefore **ORDERED** that this action is DISMISSED *with prejudice* for lack of prosecution and for failure to comply with court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

June 12, 2019
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.